IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PRINCE A. LINTON,**

    Petitioner,

v.                               Civil Action No. 1:04CV57
                                    Criminal Action No. 1:97CR22
                                    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER DENYING APPLICATION
## FOR CERTIFICATE OF APPEALABILITY

On April 29, 2005, United States Magistrate Judge John S. Kaull entered a Report and Recommendation (the "R&R") recommending denial of the pro se § 2255 petition of Prince A. Linton, ("Linton")because his claims lack merit. Later in a lengthy order entered on March 23, 2007, this Court conducted a substantive de novo review of Linton's claims, concluded that his claims lack merit, affirmed the Magistrate Judge's R&R, and dismissed Linton's petition with prejudice. The Court now has before it Linton's "Notice of Appeal and Request For Issuance of Certificate of Appealability."

The Court denied Linton's motion for habeas relief on substantive grounds. A certificate of appealability is properly issued only if a petitioner can shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Hernandez v. Caldwell, 225 F.3d

435, 437 (4th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

As extensively detailed in this Court's Order of March 23, 2007, the heartland of Linton's § 2255 claims is ineffective assistance of counsel. This Court's review of those claims is guided by the conjunctive, two-prong analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to satisfy Strickland's deficiency prong, a petitioner must demonstrate the objective unreasonableness of his attorney's performance. Id. at 688. Further, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Thus, a reviewing court with the benefit of hindsight must not second-guess those decisions of counsel which, given the totality of the circumstances at the time of trial, "might be considered

sound trial strategy." Id. (quoting Michel v. State of La., 350 U.S. 91, 101 (1955)).

In order to satisfy Strickland's prejudicial effect prong, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, Strickland makes clear that either prong of its test for ineffective assistance of counsel may be analyzed first, and thus, if no prejudice is shown by a petitioner, a court need not analyze counsel's performance. Id. at 697; Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea, as Linton has in several of his claims, is subject to an even higher burden regarding the prejudice prong: He "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhard, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied 488 U.S. 843 (1988).

3

In its earlier Order, this Court found, in detailed findings, that none of Linton's allegations of ineffective assistance of counsel met this high standard.  In summary, the Court found that counsel's failure to file a petition for writ of certiorari could not have been ineffective assistance of counsel because a criminal defendant does not have a constitutional right to counsel to pursue applications for review to the United States Supreme Court.  The alleged failure by Linton's counsel to argue against the imposition of an obstruction of justice enhancement for witness intimidation was not ineffective assistance of counsel because the attorney actually did make the argument.

The Court also found that counsel's allegedly incorrect assessment that Linton only faced 1-3 years in prison was not ineffective assistance of counsel because Linton was afforded the full protection of a Rule 11 hearing in which he pled guilty after being advised of the statutory maximum and was told that no one, not even the Court, knew the length of his then-mandatory guideline sentence.  Similarly, counsel's failure to seek drug retesting, after the discovery of improprieties in the West Virginia State Police Forensic Laboratory, was not ineffective assistance of

counsel because Linton's relative drug weight was established by historical and testimonial evidence, not physical evidence.

Moreover, counsel's alleged failure to adequately challenge the reliability of evidence presented at his sentencing was not ineffective assistance of counsel because the record shows that counsel did, in fact, aggressively challenge the reliability of evidence presented at the sentencing. As well, counsel's failure to challenge the alleged breach of the plea agreement regarding the amount of relevant drug weight was not ineffective assistance of counsel because the plea agreement contained no stipulation as to relevant conduct and, therefore, was not breached.

Counsel's failure to move for withdrawal of his guilty plea also is not ineffective assistance of counsel because Linton had multiple opportunities to indicate to this Court that he wished to withdraw his plea. The record lacks any evidence that he ever intended to do so. Finally, counsel's failure to challenge the sentence on <u>Blakely/Booker</u> grounds is not ineffective assistance of counsel because Linton's sentence was final before those decisions were rendered and those decisions are not retroactive.

| LINTON v. USA | 1:04CV57 |
|---|---|
| | 1:97CR22 |

**ORDER DENYING APPLICATION FOR**
**CERTIFICATE OF APPEALABILITY**

Accordingly, jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right.

Therefore, the Court finds that petitioner has failed to make the requisite "substantial showing of the denial of a constitutional right," Murphy v. Netherland, 116 F.3d 97, 99 (4th Cir. 1997). Accordingly, the Court **DENIES** movant's motion for a certificate of appealability (Docket No. 8 in 1:04CV57 and Docket No. 285 in 1:97CR22).

It is so **ORDERED.**

The clerk is directed to transmit certified copies of this Order to movant and counsel of record.

DATED: September 19, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE